TRULINCS 20126057 - MORGAN, RONNIE - Unit: BUT-F-A

FILED
DEC 02 2021
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

---

FROM: 20126057
TO:
SUBJECT: 3582 Part One
DATE: 11/29/2021 09:00:40 AM

In The United States District Court
For The
Eastern District of North Carolina

| | |
|---|---|
| United States of America | Case No. 7:15-cr-90-1-FL |
| -v- | |
| Ronnie Morgan | Honorable Louise Flanagan |

18:USC 3582(c)(1)(A) MOTION FOR REDUCTION IN SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018

Now Comes the Defendant Ronnie Morgan Pro Se ["Morgan"] in the above named case on motion for Compassionate Release pursuant to 18:USC 3582(c)(1)(A)(i) as amended by the First Step Act of 2018 ["FSA] due to "extraordinary and compelling reasons." Morgan's 3582(c)(1)(A) motion now follows:

I. CASE HISTORY

Mr. Morgan was sentenced by this Honorable Court on April 6, 2017 to 144 months in Federal Prison followed by a term of 10 years Supervised Release after pleading guilty to violation of 21:846 & 841(B)(1)(A) Conspiracy to Distribute & Possession with the Intent to distribute 5 kilograms or more of Cocaine & 28 Grams or more of Cocaine Base (Crack) ; 18:922(g)(1) & 924(A)(2) Felon in Possession of a Firearm. To date, Morgan has served over 60% of the statutory term imposed.

II. DISCUSSION

Federal Law empowers district courts to reduce sentences for "Federal Prisoners facing extraordinary health conditions and other serious hardships"- and has for decades. See USA v. Beck, 425 F. Supp. 3d 573, 577 (M.D.N.C., June 28, 2019). But this judicial safety valve came with a catch: the BOP needed to file the motion in court, but "rarely did so." See USA v. Rodriguez, 451 F. Supp. 3d 392, 395 (E.D. Pa. April 1, 2020) (noting "[F]rom 1984-2013, an average of only 24 inmates were released each year through BOP-filed motions."). This BOP-filing requirement created "a compassionate release system so plagued by delay that [individuals] sometimes died while waiting for the BOP to make a decision." See USA v. Somerville, 463 F. Supp. 3D 585 (w.d. PA. May 29, 2020); See also Christie Thompson, Old Sick and Dying in Shackles, The Marshal Project (Mar 7, 2018), https://bit.ly/bop-rarely-grants-cr ("From 2013-2017, the Bureau of Prisons approved 6 percent of the 5,400 applications received, while 266 inmates who requested compassionate release died" before their cases could be heard by the sentencing court.).

Frustrated at the BOP's miserly approach to compassionate release, congress acted. In 2018, it passed the First Step Act, a law aimed at "unwinding decades of mass incarceration." See USA v. Brown, 411 F. Supp. 3d 446, 447 (S.D. Iowa 2019). Of the FSA's many reform-oriented provisions, one stood out: "Increasing the Use and Transparency of Compassionate Release." See First Step Act of 2018, 132 Stat. 5194, 5239. This provision took away the BOP's exclusive authority to file compassionate release motions allowing individuals to file motions directly with the sentencing court. See 18:USC 3582(c)(a)(A) (2020). Once filed, a court may reduce a sentence if 4 prongs are met:

(1) The individual exhausted administrative remedies by submitted a request to the BOP and then waiting 30 days (or exhaustion is otherwise excused);

(2) "Extraordinary and Compelling Reasons warrant" a reduction;

(3) The Individual is not a community danger; and

(4) The Reduction is consistent with the 18:USC 3553(a) factors of sentencing

18 USC 3582(c)(1)(A); See also USA v. Lucus, 2020 WL 2059735 at *2 (W.D.N.Y. Apr. 29, 2020) (setting forth the compassionate release analysis as a Four-prong test); Loyd v. USA, 2020 WL 2572275 (E.D. Mich. May 21, 2020); USA v. Scparta,--F. Supp. 3d--, 2020 WL 1910481 (S.D.N.Y. Apr 20, 2020) (same). Morgan meets each prong.

A. MORGAN'S 3582 MOTION FOR REDUCTION IN SENTENCE IS TIMELY

Section 3582(c)(1) generally requires inmates to satisfy an administrative "exhaustion" requirement before presenting his own motion for compassionate release to the court. There are "two routes" for satisfying this requirement, both of them require submitting a request to the Warden of the persons facility: (1) "Fully exhausting all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) waiting 30 days from the date that the Warden receives the request. 18 USC 3582(c)(1)A); See also USA v. Franco, 973 F.3d 465, 467 (5th Cir. 2020) (describing the 30-day wait period as one of "two routes" for satisfying the procedural requirement.).

Morgan has satisfied the exhaustion requirement be submitting a time-stamped request to Warden Ramos at FCI Butner Satellite Camp on 9/18/2021 [See Exhibit A]. As of the date this motion was filed with the Clerk of Court, more than 30 days have lapsed since Morgan submitted the request. Therefore, Morgan has fulfilled 18USC 3582(c)(1)(A)(i)'s exhaustion requirement and the court now has jurisdiction to reach the merits of the motion.

III. EXTRAORDINARY AND COMPELLING REASONS EXIST IN MORGANS CASE

As amended by the FSA, the court may modify a term of imprisonment on the motion of the defendant after considering the relevant 18:USC 3553(a) factors of sentencing, but only if the court finds that "extraordinary and compelling reasons" exist. Prior to the passage of the FSA, the "extraordinary and compelling reasons" were defined by the United States Sentencing Commissions in USSG 1b1.13, Application Note 1. Initially, a sentence could be modified for a defendants medical condition, age or family circumstances. USSG 1B1.13, n.1. There was also a "catch-all provision" if some other extraordinary and compelling reason existed; however, the execution of this provision required approval from the BOP before a defendant could even request relief from the court.

The passage of the FSA has eliminated that the BOP allow the utilization of the "catch-all" provision and defendants may request relief directly from the court. USSG 1B1.13 was adopted long before the passage of the FSA and does not bind courts in their decision making process on whether or not to grant compassionate release to a defendant. See USA v. McCoy, 981 F.3d 271 (4th Cir. 2020) "Courts must give individualized inquiry as to any and all extraordinary and compelling reasons for a reduction in sentence that a defendant might raise." Id. See also USA v. Kibble, 992 F.3d 326 (4th Cir. 2021).

Morgan contracted the deadly novel Covid-19 virus in April of 2020 and was listed as "recovered" 3 weeks later (just like most of the 35 inmates who died from Covid at FCC Butner). In July of 2020, Morgan was rushed to the hospital for emergency gall bladder removal due to it's adulteration from Covid-19 [See Exhibit B]. Following gall bladder surgery, Morgan's Cholesterol levels rose out of goal range of 148 to an alarming 248 [See Exhibit C]. Morgan also suffers from Obesity with a Body Mass Index over 31% [See Exhibit ]. Obesity is on the CDC's list of certain conditions that increase a persons risk of severe illness if infected with Covid-19 or one if it's variants which is breaking through vaccinated individuals in institutional settings at an alarming rate. See USA v. Hines, 2021 U.S. Dist. Lexis 97768 (E.D.N.C. May 2021) (finding that Obesity is a condition identified by the CDC as a factor that increases the risk of severe illness if infected with Covid-19.). However, Morgan does not rely simply on the fact that his Obesity is on the CDC's list of risk factors that increase a persons risk of severe illness from Covid-19 as extraordinary and compelling.

Morgan's Extraordinary and Compelling reasons for a reduction in sentence is based on his Post-Covid-19 deteriorating health. After contracting the novel Covid-19 virus and being declared "recovered" 3 weeks later, Morgan now suffers from Chronic Chest Pain, Shortness of Breath, Lethargic and Chronic Nose-Bleeds which has been identified as "long haul Covid Syndrome" by FCC Butner Complex Clinical Health Director Dr. Sara Beyer. If Morgan were to become infected with one of the many Covid-19 variants which has resulted in thousands of break-through infections at FCI Texarkana and FCI Butner, he is at greater risk that ever of severe illness or even death. This presents Extraordinary and Compelling Reason for the court to reduce Morgan's sentence pursuant to 18:USC 3582(c)(1)(A).

IV. 18:USC 3553(a) FACTORS PURSUANT TO KIBBLE

After an individual meets 3582(c)(1)'s first two prongs (exhaustion and compelling reasons), courts must weigh whether the individual is a "danger to the safety of any other person or to the community." See 3142(g); See also Lucus, 2020 WL 2059735. In making this determination, the court must consider "the most up-to-date picture" of the defendant. See Pepper v. USA, 562 U.S. 476, 492 (2011). Under the exceptional and extraordinary circumstances presented by this case, the time that Morgan has already served [over 60% statutory] is sufficient to satisfy the purposes of sentencing.

Morgan is classified under the BOP's Inmate Security and Custody Classification System as "Minim Security-Out Custody" and

under the PATTERN Risk and Needs Assessment System as a "low risk" for recidivism. He is housed at a prison camp with no fence. These facts prove that Morgan is no danger to anyone pursuant to 3142(g).

Morgan does not argue that his crime was not serious or that he did not deserve to be punished. However, there are limits to just punishment and to whether a sentence is still "sufficient but not greater than necessary" to achieve the purposes of sentencing as the Fourth Circuit recently held in Kibble,992 F.3d 326 (4th Cir. 2021). The conduct in Morgan's case took place many years ago when Morgan was much younger and healthier. "Rightly or wrongly, this country's criminal justice system is premised on the idea that a person can-and hopefully will-change after several years locked in prison." See USA v. Ledezma-Rodriguez, 472 F. Supp. 3d 498, 506 (S.D. Iowa July 14, 2020). After many years in prison, there is ample reason to believe that Morgan has changed.

Despite his lengthy sentence, Morgan has completed numerous hours of education classes through the BOP [See Exhibit ]. He has also completed Drug Education programs. Morgan has served many years in Federal Prison under conditions that now range between restrictive and harrowing. There is no fair inference that an actual or perceived advantage would arise among members of the community who faced such a stiff sanction as the one Morgan has already served, especially, after he has served the past 20 months of it anxiety- riddled because of his increased risk of severe illness of re-infected with a Covid-19 variant. None of the goals of sentencing are furthered by continuing to incarcerate Morgan under the present circumstances. See Kibble, 992 F.3d 326 (4th Cir. 2021) . "A day in prison under these conditions...increase the punitive effect of incarceration." Id.

The Court should also consider that Morgan will be under strict conditions of Supervised Release if he is released, and the court could choose to convert his unserved term of imprisonment to additional time under court supervision. See 18:USC 3582 (c)(1)(A). During his period of Supervision, the court can ensure that Morgan abides by the law and any misconduct will be swiftly intercepted by Probation if he stumbles even slightly. Whatever minimal risk the Government may assert Morgan poses, at his age, condition of health and after many years in prison, can be mitigated through Supervised Release. See e.g., USA v. Galo, 2020 WL 5521034, at *4 (D. Haw. Sept. 14, 2020) See also USA v. Mack, 2020 WL 6044560 at *6 (M.D. FL. Oct. 13, 2020). Morgan submits that his case is in the heartland of cases warranting compassionate release, based on his post Covid-19 deteriorating health and "increased risk" of severe illness should he become re-infected with a Covid variant.

## V. RELEASE PLAN

Upon Morgan's release from prison, he will live with his Daughter at 275 Bouquet Drive Saint Pauls, NC 28384. The home has been owned by Morgan and his Daughter since 1987. There are no weapons, drugs or illegal items and the home is fully compliant with all rules and regulations of the U.S. Probation Department. Morgan has potential employment arranged at RC Jacobs Plumbing as a Fire Sprinkler Tech. He will obtain insurance through his long-time girlfriend's employer with Blue Cross Blue Shield of NC. He will seek continuity of care with his physicians Chavis & Locklear in Red Springs NC.

## VI. CONCLUSION

Wherefore, having shown extraordinary and compelling reasons for a reduction in sentence pursuant to 3582(c)(1)(A)(i) combined with positive Post-Sentencing 18:USC 3553(a) factors, Morgan prays this Honorable Court to (1) Appoint Counsel or (2) Grant his Reduction in Sentence resulting in immediate release from custody.

Respectfully and humbly submitted this 30th day of November 2021.

Signed *Ronnie Morgan*
Ronnie Morgan    Defendant
Reg No. 20126-057
Butner FCI Satellite Camp
PO BOX 1000
Butner NC 27509

## VII. CERTIFICATE OF SERVICE

I certify that I will mail a true and correct copy of the forgoing motion to the United States Attorney for the Eastern District of North Carolina.

This the 30th day of November 2021.

Signed *Ronnie Morgan*
Ronnie Morgan