IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:15-CR-90-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RONNIE MORGAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release (DE 106) pursuant to 18 U.S.C. § 3582(c)(1)(A). The government responded in opposition and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On January 13, 2016, defendant pleaded guilty, with a written plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846; and possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g). The court sentenced defendant to 144 months' imprisonment and 10 years' supervised release. Defendant now moves for compassionate release, arguing that his risk of contracting COVID-19 and suffering severe health complications justifies early release from his term of imprisonment. The motion was briefed fully.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits

sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020).[1] The court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release. See Kibble, 992 F.3d at 330–32; McCoy, 981 F.3d at 275; see also United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020).

Section 3553(a) requires that the court consider the following factors when imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;

---

[1] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants. Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–83.

(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
. . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). In the context of compassionate release motions, the court should "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present" in the case. Kibble, 992 F.3d at 332.

Here, defendant moves for compassionate release on the basis of his risk of contracting COVID-19 and suffering severe complications from the disease due to his underlying health issues. The court will assume without deciding that these circumstances constitute extraordinary and compelling reasons for compassionate release. See United States v. High, 997 F.3d 181, 186–87 (4th Cir. 2021).

The § 3553(a) factors, however, weigh against granting compassionate release. Defendant was responsible for distributing more than 20 kilograms of cocaine, 110 grams of cocaine base, and over 19 kilograms of marijuana over a five-year period, and possession of a firearm in connection with drug trafficking. In addition, defendant's prior felony drug convictions reflect a lifelong pattern of distributing controlled substances. As one example, defendant was convicted of a prior federal drug offense at age 40, and he received a sentence of 53 months' imprisonment. But he returned to drug trafficking approximately three years after completing that sentence. Prior terms of incarceration have not deterred defendant from continued involvement in drug trafficking.

Defendant offers a number of arguments in support of a sentence reduction. Defendant has taken numerous courses and programs designed to promote rehabilitation, maintained a clear

3

disciplinary record, and he has identified family support and employment opportunities to assist in his transition to the community. Notably, the Federal Bureau of Prisons' ("FBOP") risk assessment tool, commonly referred to as PATTERN, shows that defendant is at "minimum" risk for recidivism based in part on his efforts at rehabilitation. (DE 112-3). While the court commends defendant for his efforts at rehabilitation, and strongly encourages him to continue these efforts upon release, these factors do not justify a sentence reduction in light of the offense conduct and criminal history. Reducing defendant's sentence to time served simply would not reflect the seriousness of the offense conduct or account for the criminal history described above.

The court also recognizes that defendant suffers from numerous health issues, including obesity, hypertension, chest pain, breathing problems, nose bleeds, and other symptoms associated with "long COVID." Defendant, however, has not presented evidence that FBOP medical staff cannot manage these issues. In addition, defendant is fully vaccinated against COVID-19, which substantially mitigates the risk of developing severe complications in the event of reinfection. See United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); United States v. Brown, No. 7:13-CR-44-FL-1, 2021 WL 2481676, at *2 (E.D.N.C. June 17, 2021); (Medical Records (DE 117) at 23 (showing defendant has received three doses of the COVID-19 vaccine)).

Defendant also has served his sentence in exceptionally challenging circumstances due to COVID lockdowns and similar restrictions. While defendant's sentence has been more difficult than originally anticipated, this factor is insufficient to justify reducing the sentence in light of the factors discussed above.

Having fully considered defendant's risk of reinfection with COVID-19 and his arguments for a sentence reduction, together with the full record of this case in light of the § 3553(a) factors,

the court finds the current sentence remains necessary to reflect the seriousness of the offense conduct, promote respect for the law, protect the public from further crimes of defendant, and provide general and specific deterrence to criminal conduct.

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 106) is DENIED.

SO ORDERED, this the 14th day of April, 2023.

LOUISE W. FLANAGAN
United States District Judge